### 27886. JACKSON *v.* THE STATE.

DECIDED JANUARY 18, 1940.

*W. A. Dampier,* for plaintiff in error.
*Stanley A. Reese, solicitor,* contra.

GUERRY, J. The defendant was charged with simple larceny, in that he did "take and carry away with intent to steal the same one burlap guano bag tagged with the name of J. D. Alligood and containing approximately 50 of peanuts of the value of two dollars and of the property of J. D. Alligood." The defendant interposed no demurrer. The prosecutor swore that he put a tag or a piece

of paper, with his name on it, in the bag containing about two bushels of peanuts. He did this in the middle of the afternoon, and after supper missed the bag, and the next morning he found it in the defendant's home, covered up. The bag was the one marked by the prosecutor, and the peanuts therein were identified by the prosecutor as belonging to him. When the defendant was confronted by the prosecutor with this fact, he returned the sack and peanuts. The plaintiff in error contends that there was a fatal variance between the allegation in the accusation and the proof in support thereof, and that it was such a variation as would prevent the filing of a plea of former jeopardy. Whether the allegations were intended to refer to fifty peanuts alone, or to fifty pounds of peanuts, we think the proof of the identity of the sack, and the fact that it contained approximately two bushels of peanuts, were inclusive of any interpretation that might be placed on the allegations as contained in the accusation, and would therefore sustain a plea of former jeopardy. A sack containing peanuts was alleged to have been stolen. If the accusation had alleged that the sack contained ten bushels, but the proof showed it contained only fifty peanuts, we think a verdict would have been authorized. The sack and the two bushels it contained were valued at two dollars, under the evidence. The sack and fifty peanuts (this number necessarily inclusive under the greater quantity proved to have been taken) had some value under such evidence; and we can see no variation between the allegata and probata which would be fatal.

The assignment of error in respect to the overruling of the motion to declare a mistrial discloses no reversible error, when the instruction of the court to the jury at the time is taken into consideration. The remaining assignments of error are without merit. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*